CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

AUG 2 9 2008

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KENNETH SHAWN MCAFEE, ) | |
| Plaintiff, ) | Civil Action No. 7:08-cv-00480 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| ROCKINGHAM JAIL, et. al., ) | By: Hon. James C. Turk |
| Defendants. ) | Senior United States District Judge |

Plaintiff Kenneth Shawn McAfee, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, McAfee alleges that after he tore his Achilles tendon, officials at the Rockingham Jail ("the jail") failed to provide him adequate medical treatment, in violation of his constitutional rights. He seeks one million dollars in damages. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

I

McAfee alleges the following sequence of events on which his claims are based. On June 26, 2008, while incarcerated at the jail, he was playing basketball when he heard a loud "pop" and found that he had torn his Achilles tendon. He went to the medical unit, where a nurse told him to put some ice on his foot and elevate it. He asked whether she would have him taken to the hospital, and she said, "No, because it's not broken." McAfee then said he would go back to his pod without receiving the recommended treatment. A week and a day later, McAfee saw the jail's doctor, who

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

"looked at [his] foot only touching [his] big toe and walked away." McAfee asked the doctor for a brace or cast "so it wouldn't lock up." The doctor said, "It's not locking up." He ordered Tylenol for McAfee for three weeks.

Five weeks later, when the swelling had gone down, McAfee complained about his foot and saw the doctor again. The doctor told him that his injury would heal on its own. Later, the nurse told McAfee that she and the doctor had decided that it would be good for him to wear a boot for 30 days and stay in the medical isolation cell. McAfee refused this treatment "because [his] foot is already messed up where [he] limp[s] when [he] walk[s]." He believes that he needs surgery to sew the two ends of the tendon together. He also believes the jail doctor did not order the surgery because the jail does not want to pay for it. In support of his claims, McAfee submits information printed off from a medical internet website about injuries to the Achilles tendon. This information indicates that a ruptured Achilles tendon often does not heal correctly on its own and may require surgery or a cast, depending on the circumstances of each individual case. The information indicates that a rupture will take up to six months to heal.

II

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). As a preliminary matter, McAfee cannot maintain his action against the jail as a defendant, since local jails are not "persons" subject to suit under 42 U.S.C. §1983. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). Similarly, the jail's "medical unit" is not a "person" subject to suit under § 1983. Claims against these defendants must be

dismissed, pursuant to § 1915A. The court could allow McAfee to amend to name other defendants. However, as McAfee's allegations fail to state any § 1983 claim against anyone, the court will simply dismiss the action without prejudice.

A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 102 (1976). A constitutional violation in this context involves both an objective and a subjective component. The objective component is met if the deprivation is "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir.1999); Sheldon v. C/O Pezley, 49 F.3d 1312, 1316 (8th Cir. 1995). The subjective component is met if a prison official is "deliberately indifferent," that is if he "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837; Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998). A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment except in extraordinary circumstances. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Questions of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975). Moreover, mere malpractice does not state a federal claim, Estelle, 429 U.S. at 105-106, nor does mere negligence in diagnosis. Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986).

The Fourth Circuit Court of Appeals has held that to bring a medical treatment claim against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized

or were indifferent to the prison physicians' misconduct. Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). Prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. Id..

Under these principles, McAfee fails to state any constitutional claim. Jail officials offered him treatment from the moment he first reported his injury: ice and elevation of the foot. He refused this treatment by his own decision to return to his cell. When he followed proper procedures to see the jail doctor, McAfee disagreed with the doctor's examination method and treatment of the injury with medication, as McAfee believed he had ruptured the tendon and needed a cast or surgery. After several more weeks, after the injury healed to the extent that the swelling went down, McAfee again saw the doctor and wanted some treatment, only to be told the doctor's opinion that the injury would heal on its own.[2] When the doctor prescribed a boot to immobilize the ankle for a month, McAfee refused, believing that it was too late. McAfee alleges nothing more than his self-diagnosis of his injury and his disagreement with the medical staff's judgments regarding appropriate treatment. Such disagreements do not prove deliberate indifference and so do not state any constitutional claim actionable under § 1983. Any dnonmedical staff at the jail were entitled to rely on the doctor's medical judgment that McAfee's condition was not a medical emergency requiring a trip to the hospital or surgery. Because McAfee's allegations thus fail to state any claim that anyone acted with deliberate indifference to his serious medical needs, the court will dismiss his claims under § 1983 without prejudice, pursuant to § 1915A(b)(1).

---

[2]McAfee offers no facts in support of his conclusory statement that jail officials would not recommend surgery because they did not want to pay for it.

4

At the most, McAfee may allege facts stating (although not proving) some claim of medical malpractice against one or more of the medical staff members who examined him. Such claims are not independently actionable under § 1983, and the court declines to exercise supplemental jurisdiction over any state law claims, pursuant to 28 U.S.C. § 1367(c). The court will dismiss these claims without prejudice. An appropriate order shall be entered this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 29th day of August, 2008.

*/s/ James C. Turk*
Senior United States District Judge